UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 16-21240-CIV-SEITZ/TURNOFF

LYDIA SAGONA,

    Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

    Defendant.
    _____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant's Motion for Final Summary Judgment [DE-32] and Plaintiff's response [DE-34].[1] This case arises from a slip and fall which occurred while Plaintiff was shopping at Defendant's store. Plaintiff slipped in some spilled coffee. Defendant seeks summary judgment because it maintains that it did not have actual or constructive knowledge of the spilled coffee. Because a genuine issue of material fact exists as to whether the coffee was on the floor long enough to give Defendant constructive notice of its existence, the motion is denied.

## I. Material Facts[2]

Around noon on March 26, 2015, Plaintiff and her husband went to Defendant's store to shop for a table. While they walked down the aisle where the tables were displayed, Plaintiff

---

[1] Defendant has not filed a reply.

[2] Both parties ignore the requirements of Local Rule 56.1(a)(3) in setting out their facts. Further, Plaintiff has failed to directly respond to the facts set out by Defendant. Thus, pursuant to Local Rule 56.1(b), "[a]ll material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."

slipped and fell. The only record evidence submitted by the parties is the depositions of Plaintiff and her husband. Thus, there is no evidence as to when Defendant's employees last inspected or cleaned the area.

Plaintiff testified that she fell and struck her head, neck, back, buttocks, and arm. (DE-33-1 at 21:22-25.) She did not see what she fell on but her husband saw coffee and the back of her pants were wet. (*Id.* at 21:16-21.) Plaintiff has no knowledge about how long the coffee was on the floor before she fell. (*Id.* at 23:7-10.) There were no signs in the area indicating that the floor was wet (*id.* at 25:19-21) and Plaintiff has no idea if Defendant knew about the coffee before her fall (*id.* at 61:21-62:2).

Defendant's husband testified that after Plaintiff fell, he went to help her and smelled and saw coffee. (DE-35-1 at 9:23-10:4.) The coffee looked like it had been on the floor for "a while." (*id.* at 15:4-14.) The coffee was "dirty" (*id.* at 11:22-24) and there was coffee "residue" on the floor in the area around where the coffee spill (*id.* at 13:4-7). There were also coffee footprints in the area. (*Id.* at 17:5-18.)

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

Defendant maintains that it is entitled to summary judgment because Plaintiff cannot show that Defendant knew or should have known that the coffee was on the floor. Florida Statutes, section 768.0755(1) sets out the applicable law:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
>> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

Defendant contends that there is no evidence that it had constructive knowledge of the coffee on the floor. However, Defendant's motion completely ignores the deposition testimony of Plaintiff's husband, who testified that the coffee was dirty, that there was coffee residue spread around the area, and that there were coffee footprints. Drawing all inferences in favor of Plaintiff, as is required on a defense motion for summary judgment, raises a question of fact as to whether the coffee was there for a sufficient length of time that Defendant should have known about it. *See Mashni v. LaSalle Partners Management Ltd.*, 842 So. 2d 1035, 1037 (Fla. 4th DCA 2003)(fact that the water in which plaintiff slipped was dirty could create an inference that it was on the floor for a period of time sufficient to create constructive notice); *Winn-Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. 3d DCA 1981)(evidence that liquid was dirty, scuffed, and had several track marks running through it was sufficient to impute constructive knowledge of the condition to defendant). Accordingly, it is

ORDERED that Defendant's Motion for Final Summary Judgment [DE-32] is DENIED.

DONE AND ORDERED in Miami, Florida, this 17th day of January, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record